Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000790
31-JAN-2019
07:56 AM

NO. CAAP-16-0000790

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PATRICK BRADLEY, Plaintiff-Appellant, v.
KRISTIN SHARP, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-349K)

MEMORANDUM OPINION
(By: Ginoza, C.J., and Reifurth and Chan, JJ.)

In May 2014, Plaintiff-Appellant Patrick Bradley proposed marriage to Defendant-Appellee Kristin Sharp while the two were on vacation in the British Virgin Islands. Sharp accepted. Bradley and Sharp began shopping for an engagement ring. Bradley subsequently purchased what he characterized as a custom-designed engagement ring and, during the first week of June, 2014 (according to Bradley) or "in July sometime" (according to Sharp), presented the ring, valued at approximately $78,300, to Sharp. On or about August 5, 2014, Sharp terminated the engagement and cancelled the wedding by means of a letter she left at Bradley's house. Bradley demanded return of the ring. Sharp failed to do so. Bradley sued.

Sharp filed a motion for summary judgment, contending that the ring was "a completed gift." In support of her motion, Sharp attached her deposition testimony in which she testified that the ring was a gift for her birthday and for Christmas. Sharp also attached a declaration of Silicia Jensen, who attested that she was seated at the bar at a restaurant when she observed Sharp and a man at a table nearby. Jensen said that she saw the

man give Sharp a ring and heard the man comment that it was a Christmas and birthday present.  According to Sharp, Jensen's declaration "reveals that the ring was not presented as an engagement ring."

In opposition to Sharp's motion for summary judgment, Bradley attested that once he proposed marriage and Sharp accepted, (1) they "immediately began looking for engagement rings"; (2) Sharp "picked out one she liked and took a photograph"; (3) upon their return to Hawai'i, they "contracted with [a jewelry company] in Honolulu to have a custom made engagement ring similar to the one [Sharp] picked out in the [British Virgin Islands]" and "had wax models made for approval of the design."  Bradley further attested that when the ring was delivered to him on approximately June 5, 2014, he "surprised [Sharp] with the ring that evening" at dinner at a local restaurant, where a "thrilled" Sharp told one of the waiters, "'I'm engaged.'"  According to Bradley, he never said anything about a birthday or Christmas gift since both occasions were months away, and that Jensen "was not present that evening."  Bradley further attests in his declaration that "[d]uring the engagement, [I] verbally told [Sharp] that engagement rings were conditional on the marriage happening because [I] was always cautious about [Sharp's] obsession with [my] money."

On August 16, 2016, the Circuit Court of the Third Circuit ("Circuit Court")[1/] issued its Findings of Fact and Conclusions of Law and Order Granting Kristin Sharp's Motion for Summary Judgment Filed April 25, 2016 ("Summary Judgment Order").

In its Summary Judgment Order, the Circuit Court noted Sharp's deposition testimony and Jensen's declaration, but nevertheless found that, "in viewing the facts in the light most favorable to the non-moving party, . . . an engagement ring was given to Sharp with sufficient delivery of the property, an acceptance of the property, and with an intention to make a gift by Bradley."  In apparent conclusion, the court found that "the engagement ring was a completed gift."

---

[1/]    The Honorable Ronald Ibarra presided.

Bradley appeals from the Summary Judgment Order, and the corresponding October 31, 2016 judgment ("Final Judgment"). On appeal, he alleges that the Circuit Court erred in granting Sharp's motion for summary judgment based on its determination that the "engagement gift ring was given to Sharp with sufficient delivery of the property, and with an intent to make a gift," and was therefore a "completed gift." Rather, Bradley contends that the ring was given in anticipation of marriage, and was therefore a "conditional gift". Specifically, Bradley contends that there were genuine issues of material fact as to the purpose and intent of the ring.

For the reasons explained below, we vacate the Circuit Court's Final Judgment and Summary Judgment Order and remand for further proceedings.

I.   STANDARDS OF REVIEW

*Summary Judgment*

We review the Circuit Court's grant of Sharp's motion for summary judgment *de novo*. *Querubin v. Thronas*, 107 Hawaiʻi 48, 56, 109 P.3d 689, 697 (2005) (citing *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)). "[A]ny doubt concerning the propriety of granting the motion should be resolved in favor of the non-moving party." *GECC Fin. Corp. v. Jaffarian*, 79 Hawaiʻi 516, 521, 904 P.2d 530, 535 (App. 1995) (citing *Wright v. Fireman's Fund Ins. Co.*, 14 Cal. Rptr.2d 588, 595 (Cal. Ct. App. 1992)).

II.  DISCUSSION

In addressing Sharp's motion for summary judgment, the Circuit Court viewed the facts in the light most favorable to Bradley, the non-moving party. *Nielsen v. American Honda Motor Co.*, 92 Hawaiʻi 180, 184, 989 P.2d 264, 268 (App. 1999). As such, it held, for purposes of the motion, that the ring was an engagement ring. The language of the Summary Judgment Order suggests that the Circuit Court thereafter attempted to conform with our donative-intent analysis in *Welton v. Gallagher*, 2 Haw. App. 242, 630 P.2d 1077 (1981), and, after doing so, held that

3

the engagement ring was a "completed gift." This was error under the circumstances and given the conflicting evidence.

"A 'gift,'" we noted "is generally defined as a voluntary transfer of property by one person to another *without any consideration or compensation therefor.*" *Welton*, 2 Haw. App. at 245, 630 P.2d at 1081 (emphasis added) (citing *City of Bellevue v. State*, 600 P.2d 1268, 1270 (Wash. 1979)) (holding that Mr. Welton, a businessman in his late sixties, had made a valid inter vivos gift of bearer bonds worth $20,000 to Mrs. Gallagher, a widow in her forties, with whom he co-operated an ice cream business and shared a home after recovering from cancer surgery).[2/] It is at this initial point that the Circuit Court misapplied *Welton* and therefore erred.

Although Hawaiʻi appellate courts have never considered the question, engagement rings are generally recognized as gifts conditioned upon marriage. Elaine Marie Tomko, Annot., *Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue*, 44 A.L.R.5th 1 (Originally published in 1996). A conditional gift fails the first part of the *Welton* analysis since it is given for consideration, and the Circuit Court erred in reaching the question of the parties' intent on summary judgment.

Some courts treat the general rule as a rebuttable presumption and state that "*[i]n the absence of a contrary expression of intent,* it is logical that engagement rings should be considered, by their very nature, conditional gifts given in contemplation of marriage." *Heiman v. Parrish*, 942 P.2d 631, 634 (Kan. 1997). The question of the parties' intent "is a question of fact that will often render summary judgment inappropriate." *Wittig v. Allianz, A.G.*, 112 Hawaiʻi 195, 201, 145 P.3d 738, 745 (App. 2006) (citing *Found. Int'l, Inc. v. E.T. Ige Constr., Inc.*, 102 Hawaiʻi 487, 497, 78 P.3d 23, 33 (2003)). The question of Bradley's intent in presenting the ring was clearly contested in

---

[2/] Furthermore, to amount to a gift, "it must appear that there was a sufficient delivery of the property, an acceptance of the property, and an intention to make a gift." *Welton*, 2 Haw. App. at 247, 630 P.2d at 1082 (citing *Estate of Lalakea*, 26 Haw. 243 (1922)).

this case.  Therefore, Circuit Court erred in granting summary judgment in favor of Sharp.

III. DISPOSITION

Based on the foregoing, the October 31, 2016 Final Judgment and corresponding May 26, 2016 Summary Judgment Order, both entered in the Circuit Court of the Third Circuit, are vacated, and the case is remanded for further proceedings.

DATED:  Honolulu, Hawai'i, January 31, 2019.

On the briefs:

Kenneth A. Ross
for Plaintiff-Appellant.

Robert D.S. Kim
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

5